IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RENE ADOLPHO GUZMAN, 239085,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:11-CV-3460-B |
| ) | |
| **RICK THALER, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| Respondent. ) | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent is Rick Thaler, Director of TDCJ-CID.

## II. Background

On February 20, 1974, Petitioner was convicted of murder in three cases. *State of Texas v. Rene Adolpho Guzman*, Nos. F-7101677, F7101678, F-71-01679 (195th Jud. Dist. Ct., Dallas County, Tex., Feb. 20, 1974). Petitioner was sentenced to life imprisonment.

On February 27, 1976, Petitioner's conviction was affirmed on direct appeal. (Pet. at 3.) In 1984, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Guzman*, No. 14,341-01. On September 26, 1984, the Court of Criminal Appeals denied the petition without written order. In 2010, Petitioner filed three state habeas petitions. *Ex parte Guzman*, Nos. 14,341-02, 03 and 04. On December 1, 2010, the Court of Criminal Appeals denied two of the petitions without written order and on December 22, 2010, dismissed the third petition.

On December 6, 2011, Petitioner filed the instant § 2254 petition. He argues: (1) the evidence was insufficient to support the convictions; (2) there are insufficient court records to support the convictions; and (3) the state withheld *Brady* evidence.

The Court determines the petition is barred by the statute of limitations and should be dismissed.

### III.  Discussion

**A.     Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

On February 27, 1976, the state court affirmed Petitioner's appeal. He did not file a petition for discretionary review. The conviction therefore became final ninety days later, on May 27, 1976. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues).

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

---

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge** Page -3-

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Petitioner's first state habeas petition was denied in 1984, which was before the AEDPA limitations period began to run. His subsequent state habeas petitions were not filed until 2010, which was after the AEDPA limitations period expired. His state habeas petitions therefore did not toll the limitations period.

Petitioner was required to file his federal habeas petition by April 24, 1997. He did not file his petition until December 6, 2011. His petition is therefore untimely.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because he is actually innocent and because the AEDPA limitations period is unconstitutional. Claims of actual innocence, however, are insufficient to support equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (finding actual innocence claims do not support equitable tolling of

the AEDPA statute of limitations). The Fifth Circuit Court of Appeals has also determined that the AEDPA limitations period is not unconstitutional. *See Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Jones v. U.S. ex. rel. Dept. of Justice*, 412 Fed. Appx. 690, 691 (5th Cir. 2011). Petitioner has failed to show he is entitled to equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 1st day of February, 2012.

_____
**PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).